UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHERYL GARIEPY,
        -Plaintiff

-v-                                      CIVIL 3-01-CV-1866 (RNC)

UNITED STATES OF AMERICA,
        -Defendant

## CONFERENCE MEMORANDUM AND ORDER

A combination settlement/scheduling conference was held in this case November 12, 2003. The case has not settled. But the undersigned is hopeful that with more work settlement may be possible. If not, all parties agree trial should be held in March of 2004, or as soon thereafter as Judge Chatigny's schedule permits.

The conference before the undersigned November 12, 2003, is the first time that counsel have met to discuss settlement. Most of their discussions to date have been phone conversations that were unproductive at best.

But some progress was made at the settlement conference. Plaintiff's counsel provided an analysis of plaintiff's damages which include: loss of life and life's enjoyment; economic injury to the estate resulting from lost pension and Social Security

benefits; pain and suffering prior to death. Plaintiff's counsel is ordered to supply AUSA Lauren Nash with a written damages analysis within thirty (30) days of this date.

Based on counsels' oral presentations, the undersigned expressed his opinion as to the value of this case for settlement purposes. AUSA Nash has telephonically advised co-counsel of the undersigned's opinion. Upon receipt and analysis of plaintiff's written damages analysis, AUSA Nash will contact the undersigned and advise him of the government's settlement position and its valuation. The undersigned will convene another settlement conference at that point, if appropriate.

There is only one item of discovery that remains to be done. Plaintiff wishes to depose Army Sp. Kevin Moreira, the young man who was driving the Army truck at the time of the collision. Moreira, however, is currently on active duty in Iraq. State criminal charges, including apparently negligent homicide charges, are pending against Moreira. But prosecution of these charges has been stayed by the Connecticut Superior Court during Moreira's deployment overseas. AUSA Nash advised at the conference that presently Moreira is scheduled to return to the United States in March 2004. Mr. Moreira is being defended in the pending state criminal case by AUSA William Brown, of the Connecticut U.S. Attorney's Office.

It would seem to the undersigned that Moreira's deposition testimony would be highly relevant to the issues in this lawsuit. It has been suggested that the logistical problem of Moreira's deposition could be resolved could be solved in at least three ways: (1) the defendant could voluntarily, or upon the court's order if necessary, bring Moreira back to the U.S. for the deposition; (2) the deposition could be deposed by video-conferencing from Iraq, which plaintiff's counsel is willing to do; or (3) the deposition could be held when Moreira returns here in March. None of these solutions is unreasonable or onerous in the undersigned's view.

But another problem exists with respect to the deposition of Kevin Moreira. AUSA Nash advised that it is entirely possible that Moreira would invoke his Fifth Amendment privilege against self-incrimination were he to be deposed. AUSA William Brown, Moreira's state criminal defense counsel would have to be consulted regarding that issue. AUSA Nash has agreed to advise the court and counsel of the status of the pending state case against Moreira and, upon consultation with AUSA Brown, advise the court and counsel whether it is Moreira's intention to invoke the privilege against self-incrimination. If Moreira so intends, the logistics of making Moreira physically available appear to be academic.

On the other hand, if Moreira does not intend to invoke his

Fifth Amendment privilege, a decision must be made as to when and how he is to be deposed. AUSA Nash has also agreed to advise the court and counsel within thirty (30) days whether before March of 2004 the defendant will make Moreira available--either voluntarily or pursuant to order of the court--for his deposition. AUSA Nash has also agreed to advise the court within thirty (30) days whether it will make Moreira available for a video deposition, the technical aspects of which would then have to be arranged.

Except for the Moreira deposition, plaintiff's counsel appear to desire no further discovery, nor does government counsel. In the event that settlement is not possible, both sides desire trial in March 2004, or as soon thereafter as Judge Chatigny's schedule permits.

The undersigned will conduct another settlement conference upon the request of counsel or on request of Judge Chatigny.

Dated at Hartford, Connecticut, this 13th day of November, 2003.

Thomas P. Smith
United States Magistrate Judge