UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF ANN PARDEE, | : | CIVIL ACTION NO. |
|    BY CHERYL GARIEPY, | : | 3:01CV1866(RNC) |
|    ADMINISTRATRIX | | |
| | : | |
|    Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | | |
|    Defendant | : | JUNE 21, 2004 |

## JOINT TRIAL MEMORANDUM

The parties in this matter respectfully submit this Trial Memorandum in accordance with the Court's May 20, 2004 Order.

1. **TRIAL COUNSEL**

Plaintiff's trial counsel will be Attorney Robert I. Reardon, Jr. and Tracy L. Poppe of The Reardon Law Firm, P.C., 160 Hempstead Street, P.O. Drawer 1430, New London, CT 06320, phone (860) 442-0444. Defendant's trial counsel will be Lauren M. Nash, Assistant U.S. Attorney, 157 Church Street, P.O. Box 1824, New Haven, CT 06508, phone (203) 821-3700.

2. **JURISDICTION**

Jurisdiction is conferred upon this Court in that this action arises under the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and Section 2671 et seq.

3. **NATURE OF THE CASE**

This case arises out of a motor vehicle collision that occurred on April 26, 2000 in the Town of Westbrook, Connecticut, when Ann Pardee, then age 63, who was a backseat passenger in a 1995 Dodge Caravan traveling north on Interstate 95 was killed when the mini-van she was traveling in was struck by a large U.S. Army truck owned and maintained by the

1

defendant, the United States of America. At the time of this collision, the truck was being operated by Kevin Moreira, an active duty National Guardsman from Massachusetts, who lost control of the truck, causing a violent chain reaction collision involving several vehicles, including the one Ann Pardee was in.

4. **STIPULATIONS OF FACTS AND LAW**

It is undisputed that the defendant, the United States of America, owned, operated, maintained, and controlled the truck that Mr. Moreira was operating at the time of the collision and that Mr. Moreira was acting in the course of his employment with the United States of America. It is further undisputed the 63 year old plaintiff's decedent was injured and killed as a result of the collision.

5. **PLAINTIFF'S CONTENTIONS**

The plaintiff contends that the collision and the resulting damages and untimely death of the plaintiff's decedent, Ann Pardee, were caused by the negligence, carelessness and statutory violations of the defendant, the United States of America, and its agents, servants or employees. The plaintiff intends to prove that the defendant, the United States of America, and its agents, servants or employees were negligent in various ways, including that they

(a) violated §14-218a of the Connecticut General Statutes by operating said vehicle at an unreasonable rate of speed;

(b) violated §14-222 of the Connecticut General Statutes by operating a motor vehicle with defective brakes;

(c) violated §14-98a of the Connecticut General Statutes by operating said motor vehicle with unsafe, under-inflated tires;

(d) violated 49 C.F.R. §392 by failing to inspect the brakes and tires to ensure they were in good working order;

(e) violated 49 C.F.R. §393.40 by failing to have brakes adequate to control the movement of, and stop and hold, the vehicle;

(f) violated 49 C.F.R. §393.48 by failing to have brakes capable of operating at all times;

(g) violated 49 C.F.R. §393.51 by failing to equip the truck with a signal to provide the

driver with a warning when a failure occurs in the brake system;

   (h)   violated 49 C.F.R. §3923.52 by failing to have adequately performing service brakes;

   (i)   violated 49 C.F.R. §393.75 by operating on under-inflated tires, operating his vehicle recklessly and at an unreasonable rate of speed;

   (j)   failed to have and keep said vehicle under reasonable and proper control;

   (k)   failed to inspect said vehicle to discover and/or remedy its unsafe condition, was inattentive and failed to keep a proper lookout;

   (l)   operated a dangerously unsafe vehicle with reckless disregard for the safety of the motoring public, including the plaintiff's decedent;

   (m)  failed to take evasive action to avoid a collision, and failed to have brakes capable of operating at all times.

As a result of the negligence, carelessness and statutory violations of the defendant, the plaintiff's decedent suffered multiple blunt traumatic injuries, all of which caused her excruciating pain, suffering and mental distress before she suffered an untimely death, destroying her ability to carry out life's activities, and enjoy her family and friends.

6. **DEFENDANT'S CONTENTIONS**

    Defendant agrees that the Connecticut State Police found Sgt. Moreira at fault for the accident. However, the CSP Report found that the weather and road conditions at the time of the accident were poor. The weather report taken from the police report indicates the temperature was approximately 36 degrees Fahrenheit with light rain, or a combination of light rain and snow. Witnesses who mentioned the road conditions agreed that the surface was slick. Road conditions are listed in the final report as a contributing factor to the accident.

    Defendant submits that plaintiff's recovery in this case is limited to loss of life's enjoyment. According to Plaintiff's counsel, Plaintiff is not making any claim for lost wages or lost earning capacity on behalf of Ms. Pardee. The decedent, Ms. Pardee, was 63 years old at the time of her death. The autopsy report cites blunt trauma of the chest as the cause of death. Ms. Pardee is described as a short, obese adult female in the report. Injuries noted indicate an abrasion of the right forehead, a contusion over the left clavicle and on the inferior

aspect of the left breast, and a small abrasion over the upper back.

With regard to pain and suffering prior to death, the United States believes that death was immediate. Ms. Camille Addario, driver of the minivan, stated that immediately after the accident she stood up, turned around, and leaned forward towards the back seat and put her hand on the neck of Ms. Pardee and realized that she was dead. Ms. Lauren Addario, a passenger in the minivan and daughter of Camille, stated that Ms. Pardee was unconscious. Dr. Anna Maloy, a witness to the accident, stopped to assist the injured. When she assessed Ms. Pardee, she noted that she was not breathing and that she had no pulse. She pronounced Ms. Pardee dead within 15-20 minutes of the accident and informed an EMT of her pronouncement when the EMT arrived.

7. **LEGAL ISSUES**

    A. Legal Issues Identified by the Plaintiff:

1. Motion in Limine to preclude any reference to Mr. Moreira's subsequent military service in Iraq as such information is irrelevant.

    B. Legal Issues Identified by the Defendant:

1. Motion in Limine to preclude recovery for the loss of prospective pecuniary benefits or other claim of lost wages; to preclude expert economist based on late disclosure; and to preclude any claim that violations of federal statutes and regulations create actionable duties.

8. **LIST OF WITNESSES**

    A. Plaintiff's Witnesses

1. Lauren Addario, HC81 Box 353, Las Vegas NV; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

2. Ann B. Andrews, 183 Exchange Street, New Haven, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

3. Louise Bonito, 630 Middletown Avenue, New Haven, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

4.  Jean Bonito, 12 Lantern View Drive, North Branford, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

5.  Rita Bonito, 1111 Avalon Haven Drive, North Haven, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

6.  Antoinette Addario, 74 Ursini Drive, Hamden, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

7.  Gina Naznick, 61 Twin Oak Farm Road, Wallingford, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

8.  Marilyn Gannon, 20 S Side Drive, Wallingford, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries and damages as a result of the collision;

9.  Maryann Meeker, 56 Highland Avenue, East Haven, CT; the incident of April 26 and the plaintiff's fatal injuries and damages as a result of the collision;

10. Cindy Williams, 11 Knollwood Road, Woodbridge, CT; the incident of April 26 and the plaintiff's fatal injuries and damages as a result of the collision;

11. Paula Astarita, 42 Hartman Avenue, East Haven, CT; the incident of April 26 and the plaintiff's fatal injuries and damages as a result of the collision;

12. Michael DeCilla, 11 Knollwood Road, Woodbridge, CT; the incident of April 26 and the plaintiff's fatal injuries and damages as a result of the collision;

13. Linda Beyus, P.O. Box 2036 Torrington, CT 06970; 52 Tracy Avenue, Torrington, CT; the incident of April 26 and the plaintiff's fatal injuries and damages as a result of the collision;

14. Robert Sharpe, 98 Cally Street, Springfield, MA; the incident of April 26, 2000;

15. Richard Deibel, 678 Hingham Street, Rockland, MA 02370; the incident of April 26, 2000;

16. Anna Skula, 224 Huntington Street, New Haven, CT 06511; the incident of April 26, 2000;

17. Camille Addario, 169 Riverside Avenue, Westport, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

18. Cornelius Van Rees, 35 Coveside Lane, Stonington, CT 06378; the incident of April 26, 2000;

19. Alix Van Rees, 35 Coveside Lane, Stonington, CT; the incident of April 26, 2000;

20. Albert Arsenault, 73 Broadway Street, Moncton, New Brunswick, Canada; the incident of April 26, 2000;

21. Doris Arsenault, 73 Broadway Street, Moncton, New Brunswick, Canada; the incident of April 26, 2000;

22. Cheryl Gariepy, 10 South Side Drive, Wallingford, CT 06492; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

23. Sergeant Cassista, Badge Number 194, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

24. Lieutenant Fields, Badge Number 067, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

25. Master Sergeant O'Hara, Badge Number 090, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

26. Trooper McGran, Badge Number 349, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

27. Trooper Johnson, Badge Number 1343, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

28. Trooper Brown, Badge Number 991, Troop F, Post Office Box Drawer F, Westbrook,

CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

29. Trooper Brindisi, Badge Number 1358, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

30. Trooper Allen, Badge Number 1052, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

31. Trooper Magro, Badge Number 967, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

32. Trooper Gabinelli, Badge Number 478, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

33. Trooper Park, Badge Number 970, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

34. Trooper Timko, Badge Number 1024, Troop F, Post Office Box Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

35. Trooper Scott, Badge Number 323, Troop I, 631 Amity Road, Bethany, CT 06525; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

36. Trooper Francis Budwitz, Troop F, P.O. Drawer F, Westbrook, CT 06498; the incident of April 26, 2000 and the investigation and reconstruction of said collision;

37. Anna L. Maloy, M.D., 30 Knollwood Drive, Old Saybrook, CT; the incident of April 26, 2000 and the plaintiff's fatal injuries as a result of the collision;

38. Edmund R. Sullivan, 19 Church Street, Plantsville, CT 06479; Reconstruction of the collision on Interstate 95 in Westbrook, Connecticut;

39. O. John Zamparo, 795 Still Hill Road, Hamden, CT; Analysis of the vehicles and reconstruction of the collision which occurred on Interstate 95 in Westbrook, Connecticut, including the physical characteristics of the site, the mechanical condition of the vehicles involved, the path of the vehicles involved and the mechanism of the collision itself;

40. Stephen Shapiro, Ph.D., Analytical Resources, P.O. Box 4021, Woodbridge, CT 06525; the analysis and determination of the net economic loss to the Estate of Ann Pardee as a result of her death;

41. Swan Funeral Homes, Inc., 80 East Main Street, Clinton, CT 06413; the transportation of the remains of the plaintiff's decedent following the incident of April 26, 2000 to the medical examiners office;

42. Thomas F. Gilchrist, M.D., Associate Medical Examiner, Office of the Chief Medical Examiner, 11 Shuttle Road, Farmington, CT 06032; the postmortem examination of the plaintiff's decedent and the ruling as to the cause of death;

43. Kevin Moreira, 163 Temi Road Raynham, MA 02767; the incident of April 26, 2000;

44. Witnesses listed by the defendant and other unknown representatives of the defendant.

   B.  Defendant's Witnesses

1. Lauren Addario, HC81 Box 353, Las Vegas NV; the incident of April 26, 2000 as to Ms. Pardee's injuries and antemortem condition;

2. Camille Addario, 169 Riverside Avenue, Westport, CT; the incident of April 26, 2000 and Ms. Pardee's injuries and antemortem condition;

3. Antoinette Addario, 74 Ursini Drive, Hamden, CT; the incident of April 26, 2000 and Ms. Pardee's injuries and antemortem condition;

4. Ann B. Andrews, 183 Exchange Street, New Haven, CT; the incident of April 26, 2000 and Ms. Pardee's injuries and antemortem condition;

5. Rita Bonito, 1111 Avalon Haven Drive, North Haven, CT; the incident of April 26, 2000 and Ms. Pardee's injuries and antemortem condition;

6. Anna L. Maloy, M.D., 30 Knollwood Drive, Old Saybrook, CT; the incident of April 26, 2000 and Ms. Pardee's injuries and postmortem condition;

7. Thomas F. Gilchrist, M.D., Associate Medical Examiner, Office of the Chief Medical Examiner, 11 Shuttle Road, Farmington, CT 06032; the postmortem examination of Ms. Pardee and the ruling as to the cause of death;

8. Kevin Moreira, 163 Temi Road Raynham, MA 02767; the incident of April 26, 2000;

9. Robert Sharpe, 98 Cally Street, Springfield, MA; the incident of April 26, 2000; and

10. Other witnesses listed by plaintiff.

9. **EXHIBITS**

   A. Plaintiff's Trial Exhibits

1. Police Report;
2. Medical records and reports of the plaintiff's decedent from:
   a. Yale-New Haven Hospital;
   b. Yale Medical Group;
3. Medical bills;
4. Autopsy report;
5. Photographs of the accident scene;
6. Anatomical models, drawings and diagrams;
7. Stipulation of life expectancy;
8. Plaintiff's decedent's tax returns, employment records and payroll records;
9. Economic Loss Report by Stephen Shapiro, Ph.D.;
10. The deposition of Kevin Moreira;
11. The deposition of Richard Deibel;
12. The deposition of Sgt. Robert K. Sharpe; and
13. Defendant's responses to plaintiff's request for interrogatories and production.

   B. Defendant's Trial Exhibits

1. CSP Accident Report and attachments thereto;
2. Autopsy report and attachments thereto;
3. Stipulation of life expectancy; and
4. Plaintiff's responses to defendant's request for interrogatories and production.

10. **DEPOSITION TESTIMONY**

No witnesses will testify through the use of deposition testimony (unless medical providers are unavailable at trial).

11. **ANTICIPATED EVIDENTIARY PROBLEMS**

Plaintiff: None.

Defendant: see supra, section 7(b).

12. **PROPOSED FINDINGS AND CONCLUSIONS**

To be submitted prior to trial.

13. **TRIAL TIME**

The Plaintiff believes that this matter will take approximately 7-10 trial days.

The Defendant believes that this matter will take approximately 3-5 trial days.

14. **FURTHER PROCEEDINGS**

Plaintiff: Motion in Limine to preclude any reference to Mr. Moreira's subsequent military service in Iraq as such information is irrelevant.

Defendant: see supra, section 7(b).

15. **ELECTION FOR TRIAL BY MAGISTRATE**

Defendant does not agree that this case may be tried by a United States Magistrate Judge.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
CHERYL GARIEPY, ADMINISTRATRIX


By_____
Robert I. Reardon, Jr.
Fed. Bar No. ct 05358
The Reardon Law Firm, P.C.
160 Hempstead Street
P.O. Drawer 1430
New London, CT 06320

THE DEFENDANT
UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


By_____
Lauren M. Nash
Fed. Bar No. ct 01705
Assistant United States Attorney
157 Church Street
New Haven, CT 06508