UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF ANN PARDEE,<br>BY CHERYL GARIEPY,<br>ADMINISTRATRIX<br><br>　　Plaintiff<br><br>V.<br><br>UNITED STATES OF AMERICA<br><br>　　Defendant | :　CIVIL NO. 3:01CV1866 (RNC)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　October 5, 2004 |

### RENEWED MOTION FOR LEAVE TO TAKE DEPOSITIONS

Pursuant to Rule 26(b)(2) and Rule 30(a) of the Federal Rules of Civil Procedure, the Plaintiff hereby respectfully moves for leave from this Court to take the depositions of Sgt. Robert K. Sharpe and Mr. Richard Deibel. Although the Plaintiff acknowledges that the discovery deadline expired, these depositions should, nevertheless, be allowed to go forward based on the probative value of the information that both Sgt. Sharpe and Mr. Deibel possess.

In determining whether leave should be granted to allow depositions to take place outside of the parameters for the conduct of discovery, courts attempt to strike a balance between the rights of both parties. In so doing, courts look at the

probative value of the information possessed by the prospective deponent, the necessity of such information to the party seeking to conduct the deposition, the amount of time that the party seeking to conduct the deposition has been aware of the prospective deponent's identity and whether any burden or delay will be inflicted upon the other party.  F.R.C.P. 26 (b)(2); See also <u>Alexander v. F.B.I.</u>, 192 F.R.D. 20, 22 (D.D.C 2000).

  In the present case, after balancing the interests of both parties, this Court should grant the Plaintiff leave so that the depositions can be conducted.  This case arises out of a fatal motor vehicle collision that occurred on April 26, 2000 in the Town of Westbrook, Connecticut.  At that time, the Plaintiff's decedent, Ann Pardee, then age 63, was a backseat passenger in a 1995 Dodge Caravan traveling north on Interstate 95.  Tragically, the Plaintiff's decedent was killed when the mini-van she was traveling in was struck by a large U.S. Army truck owned and maintained by the Defendant, the United States of America.  At the time of this collision, the truck was being operated by Kevin Moreira, an active duty National Guardsman from Massachusetts, who lost control of the truck, causing a violent chain reaction collision involving several vehicles, including the vehicle that the Plaintiff's decedent was in.

  Recently, the Plaintiff had the opportunity to depose Mr. Moreira.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

Unfortunately, this deposition had been delayed for quite some time because Mr. Moreira was deployed to Iraq and the Plaintiff wanted to conduct his deposition prior to deposing Sgt. Sharpe and Mr. Deibel, which is why these depositions were also delayed. Notwithstanding, both Sgt. Sharpe and Mr. Deibel possess knowledge and information that is relevant to the Defendant's liability in this fatal collision and, therefore, necessary in order for the Plaintiff to succeed at trial. In fact, Sgt. Sharpe was a passenger in the U.S. Army truck that caused this fatal collision. Since the Defendant has indicated that the road conditions and/or the weather contributed to the collision, it is necessary for the Plaintiff to depose Sgt. Sharpe on these issues, which are undoubtedly related to the Defendant's liability. The value of such information far outweighs any incidental burden upon the Defendant.

Similarly, Mr. Deibel also possesses information that goes to the liability of the Defendant. Mr. Deibel was the General Foreman at the time that the U.S. Army truck was last serviced in 1999. Records received by the Plaintiff thus far do not indicate the name of the individual responsible for servicing the U.S. Army truck. Therefore, it is necessary for the Plaintiff to depose Mr. Deibel in order to obtain this information. The value of this information also outweighs any incidental burden upon the Defendant.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

In addition to the probative value of this information, the Plaintiff represents that the conduct of these two depositions will not result in the delay of this matter. The present case is not currently assigned a trial date. Hence, the undetermined trial date will not be in jeopardy.

Mediation was conducted by Magistrate Judge Garfinkel on September 7, 2004, but was unsuccessful. As a result, the Plaintiff must prepare this case for trial. The conduct of these two depositions is, therefore, imperative. Court order is necessary, however, as the Plaintiff has contacted defense counsel and was informed that the Defendant opposes this motion.

WHEREFORE, the Plaintiff respectfully requests leave from this Court so that the depositions of Sgt. Robert Sharpe and Mr. Richard Deibel can now be conducted.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
CHERYL GARIEPY, ADMINISTRATRIX

By _____
Tracy L. Poppe
Fed. Bar No. ct 026272
The Reardon Law Firm, P.C.
160 Hempstead Street, P.O. Drawer 1430
New London, CT 06320
Phone: 860.442.0444

4

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on October 5, 2004, to the following counsel of record:

Attorney Lauren Nash
157 Church Street
P O Box 1824
New Haven, CT 06508
*Telephone: (203) 821-3700*
*Attorney for the Defendant*

_____
Tracy L. Poppe

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

ORDER

The foregoing Motion having been duly heard, it is hereby

ORDERED   granted/denied.

_____
Clerk/Judge

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515