UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF ANN PARDEE, | : | |
| BY CHERYL GARIEPY, | : | CIVIL NO. 3:01CV1866 (RNC) |
| ADMINISTRATRIX, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | OCTOBER 15, 2004 |

DEFENDANT UNITED STATES OF AMERICA'S
MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

The Defendant, United States of America, respectfully submits this memorandum in support of its motion for reconsideration of this Court's Margin Endorsement dated October 12, 2004. By this endorsement, the Court granted Plaintiff's Renewed Motion for Leave to Take Depositions in the above-captioned case.

By way of background, Plaintiff originally filed this motion on June 30, 2004, seeking permission to depose two government witnesses well past the discovery deadline. On July 1, 2004, the Court denied this motion without prejudice for failure to indicate whether the defendant had agreed to the late depositions. Plaintiff renewed this motion on October 6, 2004, indicating that in fact, the defendant objected to the motion. Before defendant could submit its formal objection, the Court granted the plaintiff's motion on October 12, 2004.

NO ORAL ARGUMENT IS REQUESTED

Pursuant to Rule 7(a)1 of the Local Rules of Civil Procedure for the District of Connecticut, memoranda in opposition to a motion shall be filed within twenty-one (21) days of the filing of the motion.  Under this rule, the defendant had until October 27, 2004 to submit an opposition to the plaintiff's motion.  The defendant was planning to file an opposition within the time allowed by Rule 7.  However, the Court ruled on the motion within six (6) days of its filing. While Rule 7 provides that the Court may rule on a motion before the end of the 21-day period, the rule contemplates that the Court will give the parties notice of its intent to do so.  The Rule states: "To expedite a decision or for other good cause, the Court may, on notice to all parties, rule on a motion before expiration of the 21-day period ordinarily permitted for filing opposition papers."  Given that the Court did not give notice of its intent to rule on the plaintiff's motion before October 27, 2004, the defendant was not able to submit its response before the Court's ruling.

In fact, the government strongly objects to the proposed depositions of Sgt. Robert Sharpe and Richard Diebel. The deadline for concluding discovery in this case was **May 15, 2003.** While the government did consent to the deposition of Sgt. Moreira after the expiration of the discovery deadline, this was due to the unusual circumstance that Sgt. Moreira had been deployed to Iraq until December of 2003.

In his moving papers, plaintiff argues that he "recently" had the opportunity to depose Sgt. Moreira.  In fact, that deposition was taken seven months ago, on March 9, 2004.  There was no reason why these two individuals could not have been deposed before Sgt. Moreira, or that the plaintiff could not have sought permission to depose them immediately following his deposition. However, no motion to depose these witnesses was made until three months after Sgt. Moreira's

deposition, and then that motion was not renewed until three months after its initial denial by the Court.  The defendant submits that the time for conducting discovery has long since passed and that these out-of-state depositions would cause it prejudice and expense, especially given that the parties have already submitted their pretrial memorandum.  In addition, the parties are still actively engaged in settlement discussions with Magistrate Judge Garfinkel.  Allowing discovery some seventeen months after the close of discovery would interfere with this process.

Rule 7(c)(1) of the Local Rules of Civil Procedure for the District of Connecticut provides that motions for reconsideration shall be accompanied by a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."  Given that the defendant was not permitted to submit its opposition in advance of the Court's October 12, 2004 endorsement, defendant requests that this Court reconsider its decision to grant the plaintiff's motion, and to review the motion in light of the Defendant's opposition.

For the foregoing reasons, the Defendant, United States of America, respectfully requests that its Motion for Reconsideration be granted and the relief it requests allowed.

Respectfully submitted,

KEVIN J, O'CONNOR
UNITED STATES ATTORNEY

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FEDERAL BAR # ct01705
Telephone: (203) 821-3700
Facsimile:  (203) 773-5373
E-mail: lauren.nash@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing United States of America's

Memorandum in Support of Motion for Reconsideration, has been mailed, postage prepaid, this

15th day of October, 2004, to:

Robert I. Reardon, Jr., Esq.
160 Hempstead Street, P.O. Drawer 1430
New London, CT 06320


                                    LAUREN M. NASH
                                    ASSISTANT U.S. ATTORNEY