UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ESTATE OF ANN PARDEE, | : | CIVIL ACTION NO.301 CV 1866 (RNC) |
| BY CHERYL GARIEPY, | | |
| ADMINISTRATRIX | | |
| | : | |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA | | |
| | : | October 20, 2004 |
| Defendant | | |

## OBJECTION TO DEFENDANT'S MOTION FOR RECONSIDERATION

The Plaintiff, Estate of Ann Pardee, hereby respectfully objects to the Defendant, The United States of America's Motion for Reconsideration. That motion was prompted by this Court's October 12, 2004 ruling in which it granted the Plaintiff leave to take the depositions of Sgt. Robert K. Sharpe and Mr. Richard Deibel. In pertinent part, the Defendant now asks this Court to reconsider its October 12, 2004 dated ruling on the grounds that (1) this Court ruled prior to the expiration of the time that the Defendant had to file a memorandum in opposition to the Plaintiff's Motion for Leave to Take Depositions; (2) the deadline for conducting depositions expired on

May 15, 2003; and (3) the Plaintiff was aware of the identity of the two proposed deponents since March 9, 2004. In response, the Plaintiff avers and represents as follows:

1. This case arises out of a fatal motor vehicle collision that occurred on April 26, 2000 in the Town of Westbrook, Connecticut. At that time, the Plaintiff's decedent, Ann Pardee, then age 63, was a backseat passenger in a 1995 Dodge Caravan traveling north on Interstate 95. Tragically, the Plaintiff's decedent was killed when the mini-van she was traveling in was struck by a large U.S. Army truck owned and maintained by the Defendant, the United States of America. At the time of this collision, the truck was being operated by Kevin Moreira, an active duty National Guardsman from Massachusetts, who lost control of the truck, causing a violent chain reaction collision involving several vehicles, including the vehicle that the Plaintiff's decedent was in.

2. Sgt. Moreira was deposed by the Plaintiff on March 9, 2004. At that time, the identities of Sgt. Robert Sharpe and Mr. Richard Deibel were revealed to the Plaintiff. Following this deposition, however, the parties participated in mediation in an attempt to reach a settlement. As a result, the Plaintiff did not initially pursue these depositions. After mediation was unsuccessful, the Plaintiff undertook efforts

to schedule these two depositions.

3. To that end, on June 21, 2004, counsel for the Plaintiff spoke with the Defendant's attorney regarding the Plaintiff's intention to notice the depositions of Sgt. Robert Sharpe and Mr. Richard Deibel. At that time, the Defendant's attorney indicated that the Plaintiff would have to seek leave from the Court as she objected to the depositions being conducted after the expiration of the discovery deadline. As these depositions are relevant to the liability of the Defendant, which has not been admitted by the Defendant, the Plaintiff informed counsel for the Defendant that she would be filing a motion for leave to take the depositions of Sgt. Robert Sharpe and Mr. Richard Deibel.

4. On June 28, 2004, the Plaintiff filed its motion, which was subsequently denied without prejudice on June 30 2004. The Defendant never filed its objection with the Court prior to the denial of that motion. Thereafter, the Plaintiff re-filed its motion, on October 5, 2004. Based upon the case law and analysis detailed in the Plaintiff's Motion for Leave to Take Depositions, the Court properly granted the Plaintiff's motion.

WHEREFORE, the Plaintiff respectfully Objects to the Defendant's Motion for Reconsideration and requests that this Court reaffirm its decision granting the Plaintiff leave to take the depositions of Sgt. Robert Sharpe and Mr. Richard Deibel.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
CHERYL GARIEPY, ADMINISTRATRIX


By_/s/  Tracy L. Poppe
Tracy L. Poppe
Fed. Bar No. ct 26272
The Reardon Law Firm, P.C.
160 Hempstead Street, P.O. Drawer 1430
New London, CT 06320

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed on October 20, 2004, to the following counsel of record:

Attorney Lauren Nash
157 Church Street
New Haven, CT 06508
*Attorney for the Defendant*
*Telephone Number (203) 821-3700*

                        /s/  Tracy L. Poppe
                        Tracy L. Poppe .

## ORDER

The foregoing Objection having been duly heard, it is hereby

ORDERED    sustained/overruled.

_____
Clerk/Judge